# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| JEFFERY GOODWIN, | ) CASE NO. 1:15-CV-407 |
| Petitioner, | ) JUDGE NUGENT |
| v. | ) MAGISTRATE JUDGE VECCHIARELLI |
| DAVID CARROLL, | ) |
| | ) **REPORT AND RECOMMENDATION** |
| Respondent. | ) |

This matter is before the magistrate judge pursuant to Local Rule 72.2(b)(2). Before the court is the petition of Jeffrey Goodwin ("Goodwin" or "Petitioner") for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  At the time that he filed his petitioner, Petitioner was in the custody of the City of Cleveland ("City") pursuant to journal entry of sentence in the case of *State of Ohio/City of Cleveland v. Goodwin*, Case No. 2014 TRC 35703 (Cleveland Mun. Ct. Aug. 25, 2014).  (Doc. No. 7-1.)  The City moves to dismiss the petition on the basis that Petitioner is no longer in custody. (Doc. No. 7.)  For the reasons set forth below, the City's motion should be GRANTED and the § 2254 petition should be DISMISSED.

## I. Background

### A. Relevant State Court Proceedings

In July 2014, the City filed a complaint charging Petitioner with, *inter alias*, one charge of driving under the influence ("DUI").  (Doc. No. 7-1, entries at 07/08/2014.)  In August 2014, Petitioner entered a plea of no contest to the DUI charge and consented to the entry of a guilty plea.  (*Id*., entries at 08/25/2014.)  The trial court imposed a

sentence consisting of 180 days imprisonment and a $700 fine, each of which was suspended in lieu of community service and a one-year term of probation.  (*Id*.)  In December 2014, Petitioner tested positive for cocaine and marijuana, and the trial court scheduled a probation violation hearing.  (*Id*., entries at 12/08/2014.)  In January 2015, after a hearing, the trial court concluded that Petitioner had violated the terms of his probation, and ordered that Petitioner's original sentence be executed, *i.e.*, that Petitioner serve a 180-day term of incarceration in the Cleveland House of Corrections and pay a $700 fine.  (*Id*., entries at 01/12/2015.)

In April 2015, Petitioner, through counsel, filed a motion to mitigate his sentence in the state trial court.  (Doc. No. 7-1, entry at 04/02/2015.)  On April 13, 2015, the state trial court granted the motion to mitigate and "ordered [Petitioner] released" on that date.  (*Id*., entries at 04/13/2015.)

**B.     Proceedings in this Court**

In March 2015, before he filed his motion to mitigate his sentence in state court, Petitioner, *pro se*, filed his § 2254 petition.  (Doc. No. 1.)  In it, he asserts various grounds for relief arising out of his state court proceedings, *e.g.,* that the trial court deprived him of his right to the effective assistance of counsel and imposed an unconstitutionally harsh sentence.  (*Id*.)  On the civil cover sheet that accompanied his petition, Petitioner provided the address for the "Cleveland Work House."  (Doc. No. 1-1; USDC dkt., entry at 04/14/2015.)  In April 2015, Petitioner filed a notice of change of address with this Court, providing a residential address.  (Doc. No. 3.)  In the notice, Petitioner states, "I was straight released on: 4/13/2015 at 1:15 p.m. from the

2

Respondent[']s custody." (*Id.*) In June 2015, the City filed a motion to dismiss the petition on the basis that Petitioner is no longer in custody. (Doc. No. 7.) Thereafter, this Court ordered Petitioner to respond to the motion to dismiss by or on July 13, 2015. (Doc. No. 8.) The Clerk's Office mailed a copy of that Order to Petitioner at the residential address he provided in his address change notice. (USDC dkt., entry at 06/11/2015.) To date, Petitioner has failed to respond to the motion to dismiss.

## II. Jurisdiction and the Motion to Dismiss

Section 2254 "authorizes United States district courts to entertain petitions for habeas relief from state-court judgments only when the petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Garlotte v. Fordice*, 515 U.S. 39, 43-44 (1995) (quoting 28 U.S.C. § 2254(a)). A petitioner must be in custody to vest the district court with jurisdiction over the petition. *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Although a petitioner who is serving parole is considered to be "in custody" for the purposes of habeas relief, *Jones v. Cunningham*, 371 U.S. 236, 242-43 (1963), the mere fact that a petitioner may suffer other collateral consequences as a result of a conviction is not sufficient to satisfy the custody requirement of § 2254, *Maleng*, 490 U.S. at 492. For example, the imposition of a monetary fine does not satisfy the custody requirement, even if the failure to pay that fine could result in imprisonment. *Thrower v. City of Akron*, 43 F. App'x 767, 768 (6th Cir. 2002). Further, as relevant to this case, a petitioner is no longer in custody "after the sentence imposed for a conviction has fully expired." *Maleng*, 490 U.S. at 492 ("While we have liberally construed the 'in custody' requirement for purposes of federal habeas, we have never

3

extended it to a situation where a habeas petitioner suffers no present restraint from a conviction.").

In this case, the City argues that this Court should dismiss the petition because Petitioner is no longer in custody. Review of the record reveals that Petitioner was released from the custody of the City after he prevailed on his motion to mitigate his sentence in April 2015. There is no evidence in the record that the state trial court imposed an additional term of probation or other supervised release. In other words, there is no evidence that Petitioner continues to suffer further "restraint" as a result of his conviction. Accordingly, this Court lacks jurisdiction to consider the § 2254 petition. The City's motion to dismiss should be granted and the petition should be dismissed.

## IV. Conclusion

For the reasons given above, the City's motion should be GRANTED and the § 2254 petition should be DISMISSED.


Date: December 9, 2015                s/ *Nancy A. Vecchiarelli*
                                      NANCY A. VECCHIARELLI
                                      U.S. MAGISTRATE JUDGE


### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See United States v. Walters, 638 F.2d 947 (6th Cir. 1981). See also Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111.**

4